FILED
September 10, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002080171

4

1  Law Offices of Peter L. Fear
   Peter L. Fear, No. 207238
2  Gabriel J. Waddell, No. 256289
   7750 North Fresno Street, Suite 101
3  Fresno, California 93720
   (559) 436-6575
4  (559) 436-6580 (fax)
   pfear@fearlaw.com
5
   Attorneys for Debtor in possession
6

7
                    UNITED STATES BANKRUPTCY COURT
8
              EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION
9

| In re: | Case No. 09-17500-A-11 |
|---|---|
| ST JAMES AND ENNIS HANFORD INVESTMENT, LLC, a LIMITED LIABILITY COMPANY, | Chapter 11 |
| | D.C. No. PLF-3 |
| Debtor in possession. | Date: September 30, 2009<br>Time: 1:30 p.m.<br>Place: Dept. A, Ctrm. 11, 5th Floor<br>United States Courthouse<br>2500 Tulare St., Fresno, California<br>Judge: Hon. Whitney Rimel |

**DECLARATION OF JAMES L. CLARK, JR. IN SUPPORT OF MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

I, JAMES L. CLARK, JR., declare as follows:

1.  I am the secretary of Debtor and an authorized agent to deal with the bankruptcy filing of Debtor, as well as a member representative of Debtor. I have been personally involved in the affairs of Debtor and make the statements herein based on personal knowledge, unless otherwise stated.

Declaration in Support of Motion for Authority to Use Cash Collateral (etc.) - 1

2. Debtor owns approximately 300 acres of farmland just outside the city limits of Hanford, California (the "Property").

3. Citizens Business Bank ("Secured Creditor") holds a first deed of trust on the Property and is owed approximately $20 million.

4. Debtor was in the process of developing the Property, but due to several factors work on development had slowed and Secured Creditor had commenced foreclosure proceedings.

5. Debtor filed this bankruptcy case so that Debtor can finish the entitlement process and sell off pods or phases of the Property to pay off the loan of Secured Creditor or to at least pay it down enough that Debtor would be able to refinance the remaining parcels.

6. Before the filing of this bankruptcy case, Debtor had taken several steps toward getting the Property entitled, as described in detail in the declaration of John Zumwalt. However, there are several more steps that need to be taken and if those are not taken very soon, the approvals already obtained will expire.

7. Mr. Zumwalt has estimated that it will cost approximately $160,000 for the engineering, city fees and attorney fees to complete the entitlement process and record a tentative map.

8. Debtor has approximately $110,000 in its DIP bank account. Most of these funds have come from farming operation on the Property. In addition, Debtor has a bank-controlled account at Citizens Business Bank with a balance of approximately $280,000. This account was originally set up to fund interest payments to Secured Creditor. Debtor intends to use $110,000 from the DIP bank account and $50,000 from the bank account at Citizens Business Bank to pay the $160,000 necessary to get the Property entitled. Debtor believes that

the amount in the Citizens Business Bank account combined with next year's income from leasing the Property will be sufficient to pay the property taxes required to sell off the phases of the Property.

9. Included herewith as Exhibit "A" is a true and correct copy of an appraisal commissioned by Secured Creditor with regard to the Property and provided to Debtor by Secured Creditor. While I believe that the values stated herein are low, they show that after annexation, zoning and the tentative map have been completed, the value of the Property would increase by $4,350,000. Consequently, I believe it is in the best interest of all parties concerned to use the cash collateral to complete the tentative map process. Even if Debtor was unable to sell off phases of the project, the completion of the tentative map process would increase the Property value substantially more than the $160,000 required to complete the tentative map process.

10. Based on my involvement in the construction and development industries, I am informed and believe that John Zumwalt and his firm, Zumwalt – Hansen & Associates, have an excellent reputation. In fact, due to that excellent reputation, I am informed and believe that little development work is done in Hanford that Mr. Zumwalt is not involved in. Consequently, I believe that Mr. Zumwalt and his firm are essential to get the Property entitled in a timely fashion.

11. In addition, I am informed and believe that if we were forced to hire another engineering firm (assuming we could find another firm willing to work on this project), that firm would not be able to make use of any of the work already completed by Mr. Zumwalt and the cost, therefore, would likely be significantly greater than what it would cost to have Mr. Zumwalt finish the project.

I declare under penalty of perjury that the foregoing statements are true and correct and that if called as a witness herein I could and would competently testify thereto, and that this declaration was executed on Sept. 10, 2009, at Fresno, California.

JAMES L. CLARK, JR.