Law Offices of Peter L. Fear
Peter L. Fear, No. 207238
Gabriel J. Waddell, No. 256289
7750 North Fresno Street, Suite 101
Fresno, California 93720
(559) 436-6575
(559) 436-6580 (fax)
pfear@fearlaw.com

Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>ST JAMES AND ENNIS HANFORD INVESTMENT, LLC,<br>a LIMITED LIABILITY COMPANY,<br><br>Debtor in possession. | Case No. 09-17500-A-11<br><br>Chapter 11<br><br>D.C. No. PLF-3<br><br>Date: September 30, 2009<br>Time: 1:30 p.m.<br>Place: Dept. A, Ctrm. 11, 5th Floor<br>United States Courthouse<br>2500 Tulare St., Fresno, California<br>Judge: Hon. Whitney Rimel |

**DECLARATION OF JOHN A. ZUMWALT IN SUPPORT OF MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

I, JOHN A. ZUMWALT, declare as follows:

1. My name is John Zumwalt. I am an owner of Zumwalt – Hansen & Associates which is located in Hanford, California. I have been a civil engineer for 37 years. During that time, the City of Hanford increased in population from approximately 15,000 to 50,000, which caused a substantial amount of residential and commercial growth. My firm handled the engineering work for approximately 90 percent of the residential development in the City of

Declaration in Support of Motion for Authority to Use Cash Collateral (etc.) - 1

Hanford during that time. In addition, we did all but two of the large commercial developments in the City of Hanford during that time.

2. One of the projects I have worked on is the property owned by the debtor in this case, which consists of approximately 300 acres of farmland in Kings County near the city of Hanford (the "Property"). As of the filing of this bankruptcy case, the debtor owed my firm $47,108.39 for pre-petition work done on this project.

3. Due to lack of payment, I ceased work on this project. My firm is a small firm and I cannot continue work on a project unless it is guaranteed that I get paid for the work that I do on the project. I estimate that the remaining cost for engineering, attorneys and city fees to finish entitlement of the project will be approximately $160,000. I have agreed to continue working on the project under the following conditions: (1) I am given a retainer in the amount of $160,000 that will be deposited in my trust account and from which I may draw payment for post-petition services as they are rendered, and (2) an acceptable method for paying my pre-petition claim is arranged. As to the pre-petition claim, I would agree to something along the lines of a portion of the total sales price for each parcel being allocated to my pre-petition fees.

4. Following is a status of the entitlements on the Property:

    a. The City of Hanford certified the Environmental Impact Report on January 6, 2009.

    b. The City of Hanford approved a general plan amendment, on January 6, 2009, and approved the pre-zoning of the Property on January 20, 2009 subject to annexation to the City. Zoning of the subject property will be official upon finalization of annexation.

c. The City of Hanford approved the Planned Unit Development application on January 6, 2009. The Planned unit development on the subject property will be official upon finalization of annexation as well.

d. LAFCO approved Villagio (the project name) for annexation to the City of Hanford on March 25, 2009, and the U.S. Department of Justice has reviewed the annexation application and issued a pre-approval notice.

5. LAFCO approval of the annexation is good for one year, after which it expires unless all procedures are completed. The debtor can apply for time extensions, but there is no guarantee that it would be extended. Thus, the annexation must be approved before March 2010, or all of the work done so far on the project will be for naught. If I am able to begin work on the project immediately, I estimate that we will be able to get the annexation done before the end of 2009. Once the annexation is recorded, the work done to date on the Property will not expire.

6. The next step is to file a Vesting Tentative map. The debtor intends to file a Vesting Tentative map as the first step in creating separate parcels for each of the 27 "pods" or "phases." In order to be able to obtain city approval of the tentative map creating these parcels, the following steps will need to be done:

a. Create homeowner's association documents to address common areas in each phase and throughout the project, including maintenance of streets, landscaping parks and lighting;

Declaration in Support of Motion for Authority to Use Cash Collateral (etc.) - 3

b. Prepare documents for a landscape and lighting maintenance district and a street maintenance district to take care of the costs for landscaping and lighting and street maintenance;

c. Prepare a master grading plan for the entire project;

d. Prepare a master infrastructure plan for water, sewer and storm drain;

e. Prepare a development matrix which will allocate responsibility for various obligations between the different Parcels; and

f. Prepare a development agreement between the city and property owner which defines all responsibilities and extends the expiration date of the tentative map to a later date (12-20 years).

7. While the various time limits described above are valid, another overriding time limit is in the approval documents. The zoning and Planned Unit Development expire 2 years after the approval date unless a building permit is issued or a time extension is grtanted. In order to prevent the 2 year expiration date from being applied to the project, the Vesting Tentative Map and development agreement must be completed and approved by the city. The Vesting Tentative Map has longer time limits and the development agreement can and will specify a longer expiration date which will supersede the 2 years cited above. So to protect the investments made to date, these items must be complete and approved or all work will have been for naught.

8. I estimate that it will take approximately six to nine months to complete these steps. This will complete the entitlement process.

Declaration in Support of Motion for Authority to Use Cash Collateral (etc.) - 4

9. After the tentative map is approved, I understand that the debtor intends to sell of the pods or phases of the Property individually. To do that, the debtor will need to do the following:

   a. Before the first parcel is sold, the debtor must provide for full payment of property taxes on the entire project and post tax bonds for the following year;

   b. File a final map and detailed construction plans for each of the pods or phases before it is sold; and

   c. Pay various city fees and post bonds.

I declare under penalty of perjury that the foregoing statements are true and correct and that if called as a witness herein, I could and would competently testify thereto, and that this declaration was executed on 9/9/09, at Hanford, California.

_____
JOHN A. ZUMWALT

Declaration in Support of Motion for Authority to Use Cash Collateral (etc.) - 5