

1  Michael Gerard Fletcher (State Bar No. 070849)
   mfletcher@frandzel.com
2  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard
3  Seventeenth Floor
   Los Angeles, California 90048-4920
4  Telephone: (323) 852-1000
   Facsimile: (323) 651-2577
5
   René Lastreto, II (State Bar No. 100993)
6  rl2@lrplaw.net
   LANG, RICHERT & PATCH
7  Post Office Box 40012
   Fresno, California 93755-0012
8  Telephone: (559) 228-6700
   Facsimile: (559) 228-6727
9
   Attorneys for Citizens Business Bank

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re | CASE No. 09-17500-WRL |
| ST. JAMES and ENNIS HANFORD INVESTMENT, LLC, | Chapter 11 |
| Debtor. | DC NO. PLF-3 |
| | **OPPOSITION OF CITIZENS BUSINESS BANK TO CASH COLLATERAL MOTION** |
| | Date: September 30, 2009<br>Time: 1:30 p.m.<br>Place: Department A, Courtroom 11 |

TO: THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY JUDGE.

Citizens Business Bank ("Citizens") is virtually the only creditor of this estate and is a secured creditor owed in excess of $20 million, the payment of which is secured by the estate's

only assets: a 302-acre tract of land in Hanford and related fixtures; the farm lease and related income of that land; and certain amounts on deposit ("Property"). Citizens opposes use of $160,000 of its cash collateral as requested by the Debtor St. James. Citizens believes that the value of the Property is less than the amounts owed to the Bank, given the recent economic turmoil and collapse of the real estate development markets. This turmoil has especially affected residential property developments. The farm lease income is the Bank's cash collateral, as is any amounts on deposit.

Debtor's request is inappropriate and not supported by the facts or the law. Debtor is obligated to prove that use of Citizens' cash collateral would adequately protect the Bank. 11 U.S.C. Section 363(p)(1). It has failed to do so. The only purported evidence of adequate protection is a defective declaration from James Clark that attempts to put before the Court, improperly, an appraisal from August 2008 by Tim Simon, who the Debtor has not retained. It is hearsay. More importantly, Simon states that any valuation from August 2008 has no applicability today, and cannot be used to support any value of the Property today. There is no evidence that taking the Bank's cash collateral would do anything other than strip the Bank of cash, and consign it to further losses for years to come. There is no evidence that this Property could even be developed in the current climate. The Court, in light of this lack of evidence, should prohibit the Debtor from using cash collateral since Citizens is not adequately protected. See 11 U.S.C. Section 363(e).

Further, the motion is internally inconsistent. The Zumwalt declaration says that he will only do work if his unsecured pre-petition claim is paid in full. There is no mechanism to do so. Citizens certainly does not agree that pre-petition unsecured claims get paid before its secured claim. Zumwalt has not been retained as a post petition professional. Also, he lays out significant property tax obligations that have to be paid, for which there is no money. In fact, allowing the Debtor to use Citizens' cash collateral would strip the Debtor of virtually all of its cash, leaving nothing for further operations, or to reorganize. This is the type of "visionary" scheme that bankruptcy courts have cautioned against in stating that the risk of failure of the reorganization should not be shifted to the secured creditors through "visionary" schemes.

**WHEREFORE**, Citizens respectfully requests that the Court deny the motion.

DATED: September 29, 2009

Respectfully submitted,

LANG, RICHERT & PATCH

and

FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: /s/ Michael Gerard Fletcher
MICHAEL GERARD FLETCHER
Attorneys for Citizens Business Bank